
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GARY LAKEITH WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0143 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS IN PART AND TO DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GARY LAKEITH WILLIAMS. By his habeas application, petitioner challenges two prison disciplinary proceedings in which he was charged with the disciplinary offense of masturbating in public. In the first disciplinary proceeding, Case No. 20070145048, a hearing was held January 26, 2007, petitioner was found guilty and punished with the forfeiture of 5 days previously accrued good time credits. In the second disciplinary proceeding, Case No. 20070212751, a hearing was held April 2, 2007, defendant was found guilty and punished with the forfeiture of 30 days previously accrued good time credits.[1]

Following the finding of guilt in the first disciplinary proceeding, Case No.

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

20070145048, petitioner filed a Step 1 grievance which was denied on February 8, 2007. Petitioner then filed a Step 2 grievance which was denied on March 8, 2007. Petitioner did not appeal the guilty finding in disciplinary Case No. 20070212751. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED in part and DENIED in part.

## I.
## STATE COURT CONVICTION

According to petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a conviction, out of the Criminal District Court #1 of Dallas County, Texas for the offense of felon in possession of a firearm. Petitioner states he received a sentence of four (4) years. Review of TDCJ-CID Offender Information Detail shows petitioner is also in custody pursuant to a second conviction from the same date, in the same court for possession of a controlled substance for which he also received a concurrent four (4) year sentence.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## II.
## EXHAUSTION OF STATE COURT REMEDIES
## DISCIPLINARY CASE NO. 20070212751

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an

exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

As stated previously, in disciplinary Case No. 20070212751, petitioner failed to file a Step 1 and Step 2 grievance. It thus appears to the Court that petitioner WILLIAMS' claims with regard to disciplinary Case No. 20070212751 were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting these claims to state authorities. For this reason, petitioner's claims related to disciplinary Case No. 20070212751 should be dismissed for failure to exhaust.[3]

III.
PETITIONER'S ALLEGATIONS
DISCIPLINARY CASE NO. 20070145048

Petitioner contends his federal constitutional rights were violated with regard to this

---

[2] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

[3] To the extent petitioner's ground of error relates to the conditions of his confinement *i.e.* that having female guards watch him shower and use the restroom amounts to discrimination, such appears to be a civil rights claim. "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Petitioner's, which is a § 1983 claim is not cognizable in a federal habeas corpus action. Petitioner's third claim, if this is an accurate recitation of the claim, should have been presented as a civil rights complaint under 42 U.S.C. §1983.

disciplinary proceeding in the following respects:

1. Petitioner was coerced by counsel substitute;

2. Petitioner's privacy rights were violated when he was observed by female guards while he showered and went to the bathroom; and

3. The hearing officer erred in relying on the officer's report and testimony which constituted insufficient evidence.

## IV.
## MERITS

### Counsel Substitute

Petitioner alleges he was coerced by counsel substitute, however, petitioner has failed to elaborate on the claim. A review of the disciplinary records and the Step 1 and Step 2 grievance records related to Case No. 20070145048, it appears petitioner pled guilty to the offense of masturbating in public for which he lost five (5) days of previously earned good time. To the extent petitioner alleges he was coerced by counsel substitute into pleading guilty, petitioner has failed to provide the Court with any facts to support this allegation. Additionally, petitioner's ineffective assistance claim must fail as it does not entitle him to federal habeas corpus relief. The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing as he was not entitled to representation. Since petitioner did not have a right to either appointed or retained counsel at his prison disciplinary hearing, there was no constitutional violation on which habeas relief can be granted on claims of ineffective assistance of counsel substitute. *See*

*Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir.1976). Petitioner's claim should be denied.

## Petitioner's Privacy Rights

To the extent petitioner argues his privacy rights were violated when he was observed by female guards while he showered and went to the bathroom, such claim is in the nature of an alleged civil rights violation pursuant to 42 U.S.C. §1983. Such a claim is not cognizable in a federal habeas action. *See* Footnote No.3.

## Insufficient Evidence

Finally, petitioner urges the hearing officer erred in relying only on the officer's report and testimony without supporting evidence in violation of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court set out the due process to which a prisoner is entitled during a disciplinary proceeding in the *Wolff* case cited by petitioner. The court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566. In addressing these type of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, so long as there is "any evidence at all" to support the disciplinary hearing

officer's findings, the result of the hearing will be upheld. *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Petitioner only challenges the written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action specifically that hearing officer relied upon the charging officer's testimony and report without other supporting evidence. This Court does not engage in a sufficiency of the evidence analysis in a prison disciplinary proceeding as due process requires only "some evidence" in the record to support the disciplinary decision. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001). Consequently, a finding of guilt requires only the support of *some facts, or any evidence at all*. Here, the evidence relied upon by the hearing officer was the officer's report and testimony as well as a witness statement. *See* "TDCJ Disciplinary Report and Hearing Record" provided by petitioner. These things constitute *some evidence* and are thus sufficient to support the disciplinary conviction. Moreover, the hearing officer indicated he based his finding of guilt, in part, on petitioner's admission of guilt. Petitioner's claim is without merit.

V.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner GARY LAKEITH WILLIAMS is without merit and should be, in all things, DENIED in part and DISMISSED in part.

# VI.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of October 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).